UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE, Booking No. 18165284,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF DEPUTIES ARKWRIGHT, AGUIRRE and CROSS,<br><br>Defendants. | Case No.: 20-CV-1045 TWR (RBB)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF THE FIRST AMENDED COMPLAINT ON DEFENDANTS ARKWRIGHT, AGUIRRE, AND CROSS**<br><br>(ECF No. 8) |

On June 5, 2020, Plaintiff Keith Wayne Sekerke filed this civil rights action under 42 U.S.C. § 1983 against San Diego County Sheriff Deputies Dane Olsen, Adam Arkwright, and Mike Lawson claiming he was subjected to cruel and unusual punishment in violation of the Eighth Amendment by the conditions of confinement in disciplinary segregation at the San Diego Central Jail.  (ECF No. 1 at 3–10.)

On September 2, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  (ECF No. 4.)  The Court found that although the

Complaint adequately alleged that the conditions of confinement satisfied the Eighth Amendment standard for an objectively serious risk to Plaintiff's health and safety, the Complaint did not contain sufficient factual allegations plausibly to allege that Defendants were actually aware of those conditions or were aware they posed a serious risk to Plaintiff's health and safety and, knowing of that risk, deliberately disregarded it. (*Id.* at 8–10.) The therefore Court dismissed the Complaint and granted Plaintiff leave to amend. (*Id.* at 11.)

Plaintiff has now filed a First Amended Complaint. ("FAC," ECF No. 8.) He once again names Deputy Arkwright as a Defendant but does not name Deputies Olsen and Lawson as Defendants. Rather, the First Amended Complaint names as Defendants San Diego County Sheriff's Deputies Arkwright, Aguirre, and Cross. (*Id.* at 2–3.) Plaintiff was instructed in the September 2, 2020 Order of dismissal that any claims or Defendants not renamed in the First Amended Complaint would be considered waived. (ECF No. 4 at 12.) Consequently, only Arkwright, Aguirre, and Cross are Defendants in this action.

**SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A**

**I.   Standard of Review**

Because Petitioner is a prisoner and proceeding *in forma pauperis*, his First Amended Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's *in forma pauperis* complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A "incorporates the familiar standard applied in the context of

2

20-CV-1045 TWR (RBB)

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II.     Plaintiff's Allegations

Plaintiff is currently housed at the San Diego Central Jail, as he was during the events alleged in the First Amended Complaint. (FAC at 2.) Plaintiff alleges that from July 7, 2019 until March 2020, he was housed in the Administrative Segregation Unit ("SHU"), where the conditions were "deplorable." (*Id*. at 4.) Plaintiff describes the conditions in the SHU as containing human urine and feces on the floors, walls, and in the single shared shower, placed there by mentally ill inmates, which created a horrible odor and was only cleaned (but never completely) on Friday nights during inspection. (*Id.*) In addition to fouling the common area to which the inmates are allowed one hour per day of access, the mentally ill inmates occasionally bang on and spit on Plaintiff's cell door. (*Id.*) Plaintiff states that the mentally ill inmates bang and stamp on their metal sinks, bunks, and doors so loudly it made it impossible to sleep or concentrate sufficiently to read or write. (*Id*. at 5.) A severely mentally ill inmate in the next cell kept Plaintiff awake for four days by banging on his bunk and door, and once slid a newspaper with his feces on it under Plaintiff's cell door. (*Id*.)

Plaintiff states that about two weeks after his placement in the SHU he was interviewed by Defendant Arkwright, who Plaintiff alleges is the Classification Lieutenant in charge of placement and retention of inmates in the SHU, and that Plaintiff complained to Defendant Arkwright about those conditions. (*Id*. at 4–5.) Plaintiff alleges he "stressed about how it was unconstitutional to [house inmates under those conditions] and [he] even pointed it out in my legal manual showing him the numerous cases ruling against such treatment of prisoners," but Defendant Arkwright "said he is not going to make any changes to the way they decided to house inmates." (*Id*. at 5.)

/ / /

Plaintiff alleges that on February 11, 2020, Defendant Deputy Cross "came into [Plaintiff's] cell while [he] was at law library and took all [his] food and even [his] coffee. He told [Plaintiff] he was told to do so by Sgt. Lawson because [he] was being placed on 'Disciplinary Segregation Diet.'" (*Id.* at 6.) Plaintiff alleges that, on that same day, Defendant Deputy Aguirre "refused to provide [Plaintiff] a lunch. He told [Plaintiff he was] not getting lunch due to disciplinary reasons. At about 4:00 p.m. dinner was being served. [Plaintiff] was not provided with [his] regular meal. Instead [he] was given what looked like black charred egg roll sized objects. [He] told deputy Aguirre that they were not edible." (*Id.*) Plaintiff alleges he was given that same disciplinary diet for three days which consisted of no lunch and "2 black charred objects" for breakfast and dinner that were not edible and, consequently, Plaintiff did not eat for three days. (*Id.*) Plaintiff alleges he showed Defendants Cross and Aguirre "in [his] legal manual how it was unconstitutional to withhold food like this from an inmate as punishment." (*Id.*)

Plaintiff alleges that on July 24, 2020, after his release from the SHU, while housed in the general population, a mentally ill inmate filled a shampoo bottle with urine and squirted it into Plaintiff's cell through the food port. (*Id.* at 7.) He claims this occurred because Defendant Arkwright houses severely mentally ill inmates together with mentally healthy inmates both in and out of the SHU, which violates the constitutional rights of both groups. (*Id.*) He also alleges the video monitor in his unit has been broken for at least six months and he is being denied video visitation through no fault of his own, although Plaintiff does not identify a Defendant he contends is responsible. (*Id.*)

**III.  Analysis**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

"[A] prison official violates the [Cruel and Unusual Punishments Clause of the] Eighth Amendment when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Second, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' . . . .  [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety."  *Id.*  A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety;" he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  Although it is unclear at this time whether Plaintiff is a pre-trial detainee or a state prisoner currently housed at the jail, the standards for a cruel and unusual punishment claim are the same for both types of inmates.  *See Simmons v. Navajo Cty.*, 609 F.3d 1011, 1017 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).  "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

The factual allegations in the First Amended Complaint regarding the conditions to which Plaintiff was subjected while housed in the SHU as to hygiene and lack of food and sleep are sufficient to survive screening with respect to the "objectively, sufficiently serious" risk to Plaintiff's health and safety element of an Eighth Amendment claim.  *Farmer,* 511 U.S. at 834; *see Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) ("Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care and personal safety. . . .The more basic the need, the shorter the time it can be withheld.").

With respect to the subjective element of an Eighth Amendment claim, Plaintiff is required to allege that Defendants subjected him to the conditions in the SHU with a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to [his] health or safety." *Farmer*, 511 U.S. at 834. Plaintiff must allege facts from which the Court can find that he has plausibly alleged that Defendants knew of and deliberately disregarded an excessive risk to his health and safety. *Id*. at 837. He must allege facts showing that Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually drew that inference. *Id*.

The allegations with respect to Defendants Arkwright, Aguirre, and Cross, the only Defendants named in the First Amended Complaint, are sufficient to survive screening with respect to the subjective element of an Eighth Amendment claim. Plaintiff alleges Defendant Arkwright is responsible for placement of mentally healthy inmates and severely mentally ill inmates together and that he informed Defendant Arkwright that the conditions in the SHU violated his constitutional rights because they were unsanitary and prevented him from sleeping. Plaintiff alleges Defendants Aguirre and Cross provided him inedible food for three days as a punishment and that he informed both Defendants that depriving him of edible food for three days as punishment violated his constitutional rights. The Court has an obligation "where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). Further, Plaintiff has not indicated whether he is a pre-trial detainee or is serving a sentence following a conviction. As a pre-trial detainee, Plaintiff's conditions of confinement claim would arise under the Due Process Clause of the Fourteenth Amendment, *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000), which has a lower pleading standard than an Eighth Amendment claim. *See Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) ("[A] pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.").

The Court finds Plaintiff's First Amended Complaint contains "sufficient factual matter, accepted as true," to state an Eighth Amendment claim for relief against Defendants Arkwright, Aguirre, and Cross that is "plausible on its face," *Iqbal,* 556 U.S. at 678, and, therefore, sufficient to survive the "low threshold" set for *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Iqbal*, 556 U.S. at 678; *Wilhelm*, 680 F.3d at 1123; *Rhodes*, 408 F.3d at 567–68. Consequently, the Court will direct the U.S. Marshal to effect service of the summons and Plaintiff's First Amended Complaint upon Defendants Arkwright, Aguirre, and Cross on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").[1]

## CONCLUSION

Good cause appearing, the Court:

1.  **DIRECTS** the Clerk to issue a summons as to Plaintiff's First Amended Complaint (ECF No. 8) for Defendants Arkwright, Aguirre, and Cross and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants Arkwright, Aguirre, and Cross. In addition, the Clerk will provide Plaintiff with certified copies of the September 2, 2020 Order granting him *in forma pauperis* status (ECF No. 4), his First Amended Complaint (ECF No. 8), and the summons so that he may serve Defendants Arkwright, Aguirre, and Cross. Upon receipt of this "*In Forma Pauperis* Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where Defendants may be found and/or subject to service* pursuant to

---

[1] To the extent Plaintiff attempted to state a claim based on lack of visitation caused by the inoperative video monitor in his housing unit, (*see* ECF No. 7), he makes no effort to identify a Defendant who was aware of and responsible for its repair and who failed in that duty or specify whether visitation was otherwise available to him in another housing unit. The Court instructed Plaintiff in its previous Order of dismissal that he must allege individual liability regarding any claim, (ECF No. 4 at 6), and Plaintiff's failure to do so in this respect clearly fails to state a claim.

Civil Local Rule 4.1(c), and return the forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the *In Forma Pauperis* Package.

2. **ORDERS** the U.S. Marshal to serve a copy of the First Amended Complaint and summons upon Defendants Arkwright, Aguirre, and Cross as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3. **ORDERS** Defendants Arkwright, Aguirre, and Cross, once they have been served, to reply to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), Defendants are required to respond).

4. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rules of Civil Procedure 5(b). Plaintiff must include with every original document he seeks to file with the Clerk a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court that has not been properly filed with the Clerk or that fails to include a Certificate of Service upon the Defendants or their counsel may be disregarded.

**IT IS SO ORDERED**.

Dated: October 27, 2020

_____
Honorable Todd W. Robinson
United States District Court