UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KEITH WAYNE SEKERKE,<br><br>                           Plaintiff,<br>v.<br>DANE OLSEN, etc., et al.,<br><br>                        Defendants. | Case No.: 20cv1045-JO(RBB)<br><br>**ORDER DENYING EX PARTE APPLICATION TO EXTEND EXPERT REPORT DISCLOSURE DEADLINE [ECF NO. 47]** |
|---|---|

Presently before the Court is Defendant Lt. Adam Arkwright's Ex Parte Application to Extend Expert Report Disclosure Deadline [ECF No. 47]. The motion, which was filed on January 3, 2023, seeks an extension of the expert disclosure deadline from January 6, 2023, to January 27, 2023. For the reasons set forth below, Defendant's application is **DENIED**.

A.    <u>**Legal Standards**</u>

The scheduling order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The good cause standard under Rule 16(b) "primarily considers the diligence of the party seeking the amendment." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking

modification." Id.; see also C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 984 (9th Cir. 2011). "Deadlines are not options." See J.K.G. v. County of San Diego, Civil No. 11cv0305 JLS(RBB), 2012 U.S. Dist. LEXIS 126195, at *4 (S.D. Cal. Sept. 5, 2012).

**B.     Discussion**

    Arkwright contends that the requested extension of the expert disclosure deadline is needed because he received, on December 19, 2022, "voluminous medical records" totaling 2,585 pages in response to a subpoena issued to Valley State Prison. (Ex Parte App. 1, ECF No. 47.)  He states that in light of the holidays and volume of the records, this did not provide sufficient time for his experts to review and incorporate the records into their Federal Rule of Civil Procedure 26 expert disclosures by the January 6, 2023 deadline. (Id.) Arkwright asserts that the California Department of Corrections and Rehabilitation ("CDCR"), which operates the prison, will not provide unredacted medical and psychological records without an authorization, which Defendant claims was not timely provided by Plaintiff. (Id. at 2.) This explanation, however, is not supported by a sworn declaration or affidavit. Moreover, even if a declaration or affidavit had been provided, Arkwright's timeline does not establish that he proceeded with diligence. He does not describe when he learned that the CDCR would not release the records without an authorization, nor does he explain how long Plaintiff delayed in providing a release. If Sekerke's delay hindered the progress of discovery, Defendant could have filed a motion to compel Plaintiff to provide an authorization. Arkwright also fails to state when he provided the release to the CDCR. Again, if delay by the CDCR in producing records impeded discovery, he could have filed a motion to enforce the subpoena and a motion to extend deadlines. Instead, he waited until three days before the expert disclosure deadline to file an ex parte application seeking to extend the deadline.

> [M]erely showing that trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify ex parte relief. The moving party must also show that is used the entire discovery period efficiently and could not have, with due diligence, sought to obtain

that discovery earlier in the discovery period. As Judge Rymer warned, 'Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have . . .'

Mission Power Eng'g Co. v. Cont'l Cas.Co., 883 F. Supp. 488, 493 (C.D. Cal. 1995) (citing In re Intermagnetics Am., Inc., 101 Bankr. 191, 193 (C.D. Cal. 1989)).

C.   **Conclusion**

If the party seeking modification of the scheduling order "was not diligent, the inquiry should end" and the motion to modify should not be granted. Johnson, 975 F.2d at 609. Defendant's unsupported ex parte application does not represent diligent work. Further, Arkwright has not established that he acted with diligence in obtaining records from Valley State Prison during the discovery period and thus cannot show that the expert disclosure deadline cannot be met despite his diligence. Accordingly, Defendant's Ex Parte Application [ECF No. 47] is **DENIED**.

**IT IS SO ORDERED**.

Dated:  January 4, 2023

Hon. Ruben B. Brooks
United States Magistrate Judge