UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE,<br><br>                        Plaintiff,<br><br>v.<br><br>ADAM ARKWRIGHT, et al.,<br><br>                        Defendants. | Case No.: 3:20-cv-01045-JO-AHG<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 52],**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO SERVE INTERROGATORIES [ECF No. 53], and**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY AND APPOINT EXPERT WITNESS [ECF No. 56]** |

Before the Court are three motions:

1. Plaintiff Keith Wayne Sekerke's ("Plaintiff") Motion for Appointment of Counsel (ECF No. 52);

2. Plaintiff's Motion to Serve Interrogatories (ECF No. 53); and

3. Plaintiff's Motion to Reopen Discovery and Appoint Expert Witness (ECF No. 56).

Defendant has indicated that it opposes the motions. ECF Nos. 54, 55, 61. The Court will address each in turn.

## I.  PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se* and *in forma pauperis* and currently incarcerated at Valley State Prison, filed a civil complaint pursuant to 42 U.S.C. § 1983 relating to incidents that occurred while incarcerated at San Diego Central Jail in San Diego, California. ECF Nos. 8, 9. On January 17, 2023, Plaintiff filed the instant Motion for Appointment of Counsel. ECF No. 52. Plaintiff seeks to convert his individual claims into a class action, and argues that counsel is necessary due to the complexity of the case and due to Plaintiff's difficulty locating additional plaintiffs and evidence. *Id*. On January 23, 2023, Defendant filed a notice informing the Court that he opposes Plaintiff's motion. ECF No. 54. Defendant requests a briefing schedule for the filing of his opposition, "to avoid any ambiguity regarding this motion being construed as an *ex parte* application that is unopposed." *Id*. In its discretion, to avoid delay, the Court takes Plaintiff's motion under submission without an opposition.

### A.  Legal Standard

There is no constitutional right to appointment of counsel in a civil case, unless an indigent litigant's physical liberty is at stake. *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *see, e.g.*, *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (collecting cases to show that it is "well-established that there is generally no constitutional right to counsel in civil cases"). Additionally, there is no constitutional right to a court-appointed attorney in cases filed by inmates arising under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see, e.g.*, *Thornton v. Schwarzenegger*, No. 10cv1583-BTM-RBB, 2011 WL 90320, at *1 (S.D. Cal. Jan. 11, 2011).

Nevertheless, courts have discretion to request legal representation for "any person unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Courts have required that plaintiffs demonstrate they are indigent and that they have made a reasonably diligent effort to secure counsel before they

are eligible for an appointed attorney. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (extending the "reasonably diligent effort" standard used in *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981) to requests made pursuant to 28 U.S.C. § 1915); *see, e.g.*, *Verble v. United States*, No. 07cv0472 BEN-BLM, 2008 WL 2156327, at *2 (S.D. Cal. May 22, 2008).

But even after a plaintiff satisfies the two initial requirements of indigence and a diligent attempt to obtain counsel, "he is entitled to appointment of counsel only if he can [also] show exceptional circumstances." *Bailey*, 835 F. Supp. at 552 (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)). Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

**B.  Discussion**

First, the Court examines the threshold requirements that Plaintiff is indigent and has made a reasonably diligent effort to secure counsel. Here, the Court acknowledged Plaintiff's indigence when it granted Plaintiff's motion to proceed *in forma pauperis*. ECF No. 4 at 2–3. However, Plaintiff does not include any information in his motion about whether he has attempted to secure counsel on his own. Requiring that litigants "make a reasonably diligent effort to secure counsel before asking the court to appoint counsel for them . . . is 'not [to] suggest that a plaintiff should be required to exhaust the legal directory before a court could appoint him an attorney. [H]owever, a person's diligence in attempting to obtain a lawyer to assist him may properly be considered by the district court in assessing the justness of the application for counsel.'" *Moore v. Raught*, No. 07-03836-VBF-JPR, 2014 WL 1795138, at *7 (C.D. Cal. Mar. 17, 2014) (brackets in original) (quoting *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). Here, "Plaintiff's lack of funds alone does not demonstrate that efforts to secure counsel necessarily would be

3

3:20-cv-01045-JO-AHG

futile." *Vera v. Gipson*, No. 13cv870-AWI-MJS-PC, 2014 WL 807051, at *5 (E.D. Cal. Feb. 28, 2014).

Though Plaintiff did not satisfy a threshold requirement, for completeness, the Court will proceed to the next step of the analysis to determine whether Plaintiff can show exceptional circumstances justifying court-appointed counsel by examining the likelihood of Plaintiff succeeding on the merits and his ability to proceed without counsel. *See, e.g.*, *Moore*, 2014 WL 1795138, at *4–8 (examining plaintiff's likelihood of success on the merits and ability to articulate his claims *pro se*, even though he did "not provide[] evidence documenting any efforts he made to secure counsel before filing the instant motion"); *Verble*, 2008 WL 2156327, at *2 (examining whether plaintiff demonstrated exceptional circumstances, while acknowledging that "[Plaintiff]'s request for appointment of counsel should be denied because he has failed to show that he made a reasonably diligent effort to secure counsel.").

### 1.    *Likelihood of Success on the Merits*

"A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14cv2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016). Here, Plaintiff has not offered evidence in his motion suggesting that he is likely to succeed on the merits.[1] Additionally, there is little before the Court regarding the merits of Plaintiff's case, other

---

[1] With his motion, Plaintiff includes a declaration from Gregory Hunter. ECF No. 52 at 6. However, the Court concludes that the declaration is meant to support Plaintiff's claim that his case should be certified as a class action, rather than to support the allegations in his complaint and his likelihood to succeed on the merits. For example, though both Plaintiff's operative amended complaint and Mr. Hunter's declaration attest to there being loud banging by mentally ill inmates which impeded their sleep, Plaintiff's complaint alleges Eighth Amendment violations occurring between July 2019 and July 2020, while Mr. Hunter's representations refer to conditions between March 2021 and June 2021. *Compare* ECF No. 8 at 4–7 *with* ECF No. 53 at 6.

than assertions in the operative complaint.[2] Thus, at this early stage of the case, when the parties have not yet proffered evidence to the Court in support of their claims and defenses, the Court cannot find that Plaintiff is likely to succeed on the merits. *See Arellano v. Blahnik*, No. 16cv2412-CAB-RNB, 2018 WL 4599697, at *2 n.1 (S.D. Cal. Sept. 25, 2018) (denying motion for appointment of counsel because "[a]lthough plaintiff's [] claim survived defendant's motion to dismiss, it is still too early to determine the likelihood of success on the merits. Without more, it is not certain whether plaintiff's claim will survive summary judgment."); *Garcia v. Smith*, No. 10cv1187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel even though plaintiff had survived a motion to dismiss, because it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment).

### 2.   *Ability to Articulate Claims Pro Se*

As to the second factor, Plaintiff cites barriers to successfully articulating his claims, including the need for significant discovery and investigation and his desire to convert his case from an individual action to a class action. ECF No. 52. However, Plaintiff fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by incarcerated plaintiffs representing themselves *pro se*.

First, Plaintiff asserts that he "notified the Defendants of 48 witnesses, most of whom are staff members in the jail. [Plaintiff] do[es] not have access to them, an attorney will." ECF No. 52 at 3. However, the need for research, investigation, and discovery is

---

[2] That certain claims in Plaintiff's amended complaint survived the Court's screening process (ECF No. 9) and Defendants' motion to dismiss (ECF No. 22) does not demonstrate that Plaintiff is likely to succeed at trial. *McGinnis v. Ramos*, No. 15cv2812-JLS-JLB, 2017 U.S. Dist. LEXIS 58507, at *6–7 (S.D. Cal. Apr. 17, 2017) ("The Rule 12(b)(6) standard tests not whether a plaintiff will ultimately prevail on his alleged claim but whether he is entitled to offer evidence to support his claim. [] Thus, the Court's screening process and Defendant's motion to dismiss did not test the merits of Plaintiff's claim but rather only whether Plaintiff adequately stated a claim that could potentially have merit.") (internal citation omitted).

common to most litigation and does not automatically qualify the issues in a case as complex. *See Wilborn*, 789 F.2d at 1331; *Miller v. LaMontagne*, No. 10cv702-WQH-BGS, 2012 WL 1666735, at *1–2 (S.D. Cal. May 11, 2012) (concluding that plaintiff's arguments "that this case will involve research and investigation are not based on the complexity of the legal issues involved, but rather on the general difficulty of litigating *pro se*"); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (holding that while a *pro se* inmate might fare better with counsel during discovery, this is not the test for determining whether to appoint counsel); *Eusse v. Vitela*, No. 13cv916-BEN-NLS, 2015 WL 4404865, at *2 (S.D. Cal. July 16, 2015) ("the need for discovery or difficulties developing the factual record do not constitute the type of 'exceptional circumstances' required for appointment of counsel"). Whether a litigant would have fared better with counsel is not the test for appointment of counsel. *Thornton*, 2010 WL 3910446, at *5. The discovery concerns Plaintiff raises in his motion "do not present 'exceptional circumstances,' but rather illustrate the difficulties any prisoner would have litigating *pro se*." *Eusse*, 2015 WL 4404865, at *2.

Second, Plaintiff concedes that "a *pro se* prisoner cannot be allowed to represent other prisoners in a class action suit." ECF No. 52 at 1; *see Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("It is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); *Wilson v. Merritt*, No. 22cv455-AWI-CDB-PC, 2023 U.S. Dist. LEXIS 11164, at *3–4 (E.D. Cal. Jan. 20, 2023) (collecting cases). Thus, since he has two other prisoners who would like to join his case, Plaintiff seeks counsel to pursue his case as a class action because "now, [I have] 3 people[, but a]fter counsel is appointed, I'm sure he or she can gather more plaintiffs as they will have better access than me." *Id*. at 2. However, a desire to pursue a class action does not, by itself, entitle a plaintiff to appointment of counsel. *Goolsby v. Cate*, No. 13cv119-GSA-PC, 2013 WL 2403385, at *2 (E.D. Cal. May 30, 2013) (explaining that "Plaintiffs' desire to pursue class-action relief does not present an 'exceptional circumstance;' if it did, every *pro se* prisoner seeking class-action relief would

automatically be entitled to the appointment of counsel."); *see, e.g.*, *Perondi v. Schriro*, 370 F. App'x 805, 805 (9th Cir. 2010) (affirming district court's denial of plaintiff's motion to appoint counsel and to certify a class, explaining that *pro se* prisoner "did not demonstrate extraordinary circumstances" and "was not an adequate class representative … able to 'fairly and adequately protect the interests of the class' … [because he] lacks authority to appear as an attorney for others") (internal citations omitted).

Further, the deadline to add co-plaintiffs or to amend the complaint has long since passed. *See* ECF No. 29 at 1 (deadline to "to join other parties, to amend the pleadings, or to file additional pleadings" was July 29, 2022). Plaintiff has not requested to extend the deadline, and even if the Court construed the instant motion as a request for extension, Plaintiff has not shown good cause to extend the deadline, particularly considering that many discovery deadlines having already passed. *Id*. ("The dates and times set forth herein will not be modified except for good cause shown."); ECF No. 34 (fact discovery deadline was December 23, 2022); ECF No. 29 (expert designation deadlines were November 18, 2022, and December 2, 2022, and expert disclosure deadlines were January 6, 2023, and January 20, 2023); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("the focus of the [good cause] inquiry is upon the moving party's reasons for seeking modification. [] If that party was not diligent, the inquiry should end."); *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018) ("a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court.").

Additionally, the Court understands the factual basis for Plaintiff's claims and the relief sought. Plaintiff has demonstrated that he has a good grasp of litigation procedure, as evidenced by his filings with this Court, which survived screening and Defendant's motion to dismiss. Plaintiff has ably represented himself thus far by filing an amended complaint, a motion for an extension of time to oppose Defendant's motion to dismiss, an opposition to Defendant's motion to dismiss, a notice of change of address, a motion to compel production of documents, an opposition to Defendant's motion to compel, and the

instant motions. *See* ECF Nos. 8, 15, 17, 19, 35, 41, 52, 53, 56. Such circumstances do not indicate to the Court that appointment of counsel is necessary at this time.

The Court does not doubt that Plaintiff, like most *pro se* litigants, finds it difficult to articulate his claims and would be better served with the assistance of counsel. It is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that the pleadings of a *pro se* inmate must be held to less stringent standards than formal pleadings drafted by lawyers). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, as long as a *pro se* litigant is able to articulate his claim, as Plaintiff is here, the second "exceptional circumstances" factor that might support the appointment of counsel is not met.

### C. Summary

Although Plaintiff is indigent, he has failed to show that he made reasonable efforts to obtain counsel or that exceptional circumstances require appointment of counsel. Thus, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 52) **without prejudice**.[3]

## II. PLAINTIFF'S MOTION TO SERVE INTERROGATORIES

On January 17, 2023, Plaintiff filed his motion to serve interrogatories and requests for admission to various non-parties. ECF No. 53. On January 23, 2023, Defendant filed a notice informing the Court that he opposes Plaintiff's motion. ECF No. 55. Defendant requests a briefing schedule for the filing of his opposition, "to avoid any ambiguity regarding this motion being construed as an *ex parte* application that is unopposed." *Id*. In its discretion, to avoid delay, the Court takes Plaintiff's motion under submission without

---

[3] Because Plaintiff's motion is denied without prejudice to refiling, Plaintiff is free to seek appointment of counsel again in the future.

an opposition.

In his motion, Plaintiff seeks permission to serve interrogatories on another inmate, sixteen correctional facility employees, and two former correctional facility psychologists. *Id.* at 2–3. Plaintiff contends that these non-parties, especially the two psychologists, are vital witnesses because they personally experienced the conditions he alleges in his complaint. *Id.* at 4.

"The Federal Rules of Civil Procedure distinguish between parties and non-parties in establishing available discovery devices. Some rules … permit discovery only from a party, while others permit discovery from non-parties, but may impose additional burdens." *Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010); *see, e.g.*, FED. R. CIV. P. 33(b)(1) (limiting interrogatories to parties); FED. R. CIV. P. 36(a)(1) (limiting requests for admissions to parties); FED. R. CIV. P. 31(a)(1) (deposition by written questions may be served on any person); FED. R. CIV. P. 45(a)(1)(A)(iii) (subpoena to produce documents may be served on any person). "While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery." *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980); *Soto v. Castlerock Farming and Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) (explaining that "there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests" and collecting cases).

Here, Plaintiff requests to serve interrogatories on non-parties, which is not permitted by the Federal Rules. FED. R. CIV. P. 33(b)(1); *compare* ECF No. 53 at 2 ("…the non-party people I wish to serve interrogatories upon are…) *with Jacobsen v. California*, No. 14cv108-JLT-PC, 2017 U.S. Dist. LEXIS 5024, at *5 (E.D. Cal. Jan. 12, 2017) (denying *pro se* prisoner's motion to serve interrogatories on non-party witnesses). As such, Plaintiff's request to serve interrogatories on non-parties is **DENIED**.

Plaintiff also mentioned seeking "a subpoena duces tecum to serve interrogatories and request for admissions upon non-part[ies.]" ECF No. 53 at 2. However, a subpoena

may command a non-party only to: (1) "attend and testify;" (2) "produce designated documents,[4] electronically stored information, or tangible things in that person's possession, custody, or control;" or (3) "permit the inspection of premises." FED. R. CIV. P. 45(a)(1)(A)(iii). Thus, a subpoena duces tecum does not include provisions for interrogatories or requests for admission. As such, Plaintiff's request to use a Rule 45 subpoena to serve interrogatories or requests for admission on non-parties is **DENIED**.

In an effort to liberally construe Plaintiff's motion (*see Karim-Panahi*, 839 F.2d at 623), the Court notes that Rule 31 provides for depositions by written questions—similar in form to interrogatories—to parties and non-parties. FED. R. CIV. P. 31(a)(1). In the instant matter, Plaintiff must obtain leave of Court before serving his written questions because Defendant opposes Plaintiff's request and Plaintiff seeks to ask questions of nineteen people. FED. R. CIV. P. 31(a)(2)(A)(i) ("A party must obtain leave of court … if the parties have not stipulated to the depositions and [] the deposition would result in more than 10 depositions being taken"). Thus, the Court will consider whether Plaintiff's request is consistent with Rule 26. FED. R. CIV. P. 31(a)(2)(A)(i) ("the court must grant leave [to take depositions by written questions] to the extent consistent with Rule 26(b)(1) and (2)").

Pursuant to Rule 26(b)(1), parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

[4] The Court reiterates that discovery of documents from Defendant is not accomplished pursuant to Rule 45, which governs discovery of documents in the possession, custody, or control of non-parties; discovery of documents from Defendant is governed by Rule 34. *See Kitchens v. Tordsen*, No. 1:12cv105-AWI-MJS-PC, 2015 WL 1011711, at *2 (E.D. Cal. Mar. 4, 2015) ("The Court will only consider issuing a [Rule 45] subpoena if the documents sought from the non-party are not otherwise available to Plaintiff and cannot be obtained from Defendant through a request for the production.").

FED. R. CIV. P. 26(b)(1). However, pursuant to Rule 26(b)(2),

> the court must limit the frequency or extent of discovery otherwise allowed by these rules … if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action.

FED. R. CIV. P. 26(b)(2)(C). Since Plaintiff did not include the text of the interrogatories or written questions he planned to serve on the non-parties, the Court is unable to conclude that the discovery sought is relevant or proportional. Further, even if Plaintiff had attached the proposed written questions, his request would still fail. The deadline to complete fact discovery expired on December 23, 2022. ECF No. 34. Because Plaintiff had nearly six months to complete fact discovery, and never requested a continuance of the discovery deadlines during that time, the Court finds that he "had ample opportunity to obtain the information." FED. R. CIV. P. 26(b)(2)(C)(ii); *see* ECF No. 29 (Scheduling Order, issued on June 30, 2022); *cf. Martin v. McNut*, No. CIV-S-08-1578-CMK-P, 2011 WL 4543039, at *2 (E.D. Cal. Sept. 27, 2011) (denying *pro se* prisoner's motion for extension of discovery deadline to conduct deposition by written questions filed after the fact discovery deadline had passed because "Plaintiff's request for additional time was not filed until after the discovery deadline had expired. Such a belated request, which failed to show good cause as to why the written deposition could not have been conducted during the open discovery time, is insufficient to warrant an additional extension of time.").

Thus, since Plaintiff's request is not "consistent with Rule 26(b)(1) or (2)," the Court will not grant leave to take nineteen depositions by written questions and Plaintiff's request is **DENIED**. *See cf. Jacobsen*, 2017 U.S. Dist. LEXIS 5024, at *5 ("Plaintiff may not serve interrogatories on individuals who are not parties to this action. However, … Plaintiff may … subpoena them to testify if/when this action proceeds to trial.").

The Court encourages the parties to work together to ensure that this matter is resolved on the merits and will hear argument regarding the case schedule at the upcoming

discovery conference on February 6, 2023. *See, e.g.*, *Jones v. Gardiner*, No. 14cv2477-MMA-MDD, 2017 U.S. Dist. LEXIS 76156, at *3–4 (S.D. Cal. May 18, 2017) (discussing whether "additional fact discovery will assist in resolving the matter on the merits and will not prejudice Defendant.").

### III. PLAINTIFF'S MOTION TO REOPEN DISCOVERY AND APPOINT EXPERT WITNESS

On January 24, 2023, Plaintiff filed his motion reopen discovery and appoint an expert witness. ECF No. 56. On January 31, 2023, Defendant filed a notice informing the Court that he opposes Plaintiff's motion. ECF No. 61. Defendant requests a briefing schedule for the filing of his opposition, "to avoid any ambiguity regarding this motion being construed as an *ex parte* application that is unopposed." *Id*. In its discretion, to avoid delay, the Court takes Plaintiff's motion under submission without an opposition.

#### A. Legal Standard

An expert witness may testify to help the trier of fact determine the evidence or a fact at issue. FED. R. EVID. 702 ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify… if: [] the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue …."). Federal Rule of Evidence 706 authorizes the Court, in its discretion, to appoint an expert witness. FED. R. EVID. 706(a); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Such an appointment is generally appropriate when the evidence to be presented at trial is complex. *Levi v. Dir. of Corr.*, No. CIV-S-02-0910-LKK-KJM-P, 2006 WL 845733, at *1 (E.D. Cal. Mar. 31, 2006); *see Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997) (affirming denial of motion to appoint an expert because the prisoner's Eighth Amendment deliberate indifference case was not complex, explaining that "determining deliberate indifference was not so complicated that an expert was required to establish Ledford's case [because] the test to decide whether a prison official acted with deliberate indifference is a subjective one.").

However, Rule 706 "is not a means to avoid the *in forma pauperis* statute [28 U.S.C. § 1915] and its prohibition against using public funds to pay for the expenses of witnesses." *Brooks v. Tate*, No. 1:11cv1503-AWI-DLB-PC, 2013 WL 4049043, at *1 (E.D. Cal. Aug. 7, 2013) (internal citations omitted); *see Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (holding that § 1915 does not authorize waiver of witness fees or expenses on behalf of an indigent litigant). Further, Rule 706 "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties." *Faletogo v. Moya*, No. 12cv631-GPC-WMc, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013); *see, e.g.*, *Brooks*, 2013 WL 4049043 at *2 (denying motion to appoint expert, explaining that, although plaintiff requested an expert be appointed "to 'avoid the blatant potential for bias from the one sided testimony of the doctor defendant[,]' [a]voiding bias or otherwise assisting one party is not the purpose of Rule 706."); *Walker v. Woodford*, No. 05cv1705-LAB-NLS, 2008 WL 793413, at *1 (S.D. Cal., Mar. 24, 2008) (denying motion to appoint an expert because, in part, "the Court cannot subsidize Plaintiff's litigation costs by appointing an expert to help only him").

### B. Discussion

In his motion, Plaintiff requests a court-appointed expert for three main reasons: (1) Plaintiff is unable to obtain his own expert because he cannot afford one, (2) the medical issues in the case are complex, and (3) because he disagrees with the report produced by Defendant's expert, providing arguments and exhibits to refute the expert's findings. ECF No. 56. Plaintiff explains that he "can call [Defendant and his experts] liars until [he is] blue in the face, but it is easier to just prove them wrong and prove them to be liars." *Id*. at 5.

The Court is not persuaded that an expert should be appointed in this case. First, Plaintiff is asking the Court to appoint an expert witness to advocate on Plaintiff's behalf. As noted above, Rule 706 does not authorize the Court to appoint an expert to advocate for one party. *Hernandez v. Ogboehi*, No. 1:20cv1019-ADA-SAB-PC, 2023 WL 113789, at *1 (E.D. Cal. Jan. 5, 2023) (noting that the "purpose of court-appointed expert is to assist

13

the trier of fact, not to serve as an advocate for a particular party" and collecting cases). Moreover, to the extent Plaintiff is concerned the Defendant's expert witnesses may be biased or is presenting incorrect information, Plaintiff may present evidence at trial by cross-examination of Defendant's expert witnesses on the stand. *Faletogo*, 2013 WL 524037, at *2 ("Plaintiff is well-situated to testify to the extent of his injuries and can further support his testimony with documentary evidence from his medical record.").

Second, Plaintiff's inability to pay for an expert is not a basis for the Court to appoint experts within its discretion. Rule 706 is not meant to be used to avoid § 1915's prohibition of the use of public funds to pay witness fees for indigent plaintiffs, nor does Rule 706 provide for the Court to appoint an expert and provide compensation in order for that expert to advocate on behalf of the plaintiff. *Snow v. Mar*, 785 F. App'x 465, 466 (9th Cir. 2019) (A "court's decision whether to appoint an expert is discretionary," but it is well settled that "there is no statutory authorization for a court-appointed investigator for civil litigants proceeding in forma pauperis."); *Witkin v. Lotersztain*, No. 2:19cv406-TLN-KJN-P, 2022 WL 7099719, at *2–3 (E.D. Cal. Oct. 12, 2022) ("28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court.") (internal quotation omitted).

Third, though Plaintiff contends that "there are numerous factual questions requiring an expert witness[,]" and "clearly there are many very difficult medical and mental health issues that require an expert witness," (*see* ECF No. 56 at 2, 10), Plaintiff has not adequately explained why an appointed *neutral* expert is necessary to assist the Court in understanding the case. Plaintiff has not shown that his claims of deliberate indifference via conditions of confinement are of such a complex nature that the trier of fact requires scientific, technical, or otherwise specialized knowledge regarding his injuries or damages. *See, e.g.*, *Hernandez*, 2023 WL 113789, at *1 ("There is no showing and the record does not support that Plaintiff's deliberate indifference claim is factually or legally complex such that the appointment of a neutral expert witness is required"); *Thunderbird v. Or. State Dep't of Corr.*, No. CV08-1404-PK, 2011 WL 2971798, at *17 (D. Or. June 28, 2011)

("The issues in this case are not particularly complex, as they center upon the quality of Thunderbird's medical treatment and conditions of confinement while in ODOC custody. Thunderbird has presented nothing to justify the appointment of an expert to help the court understand the issues."), *adopted*, 2011 WL 2970893 (D. Or. July 20, 2011).

### C. Summary and Additional Considerations

Therefore, for the aforementioned reasons, Plaintiff's Motion for Appointment of Expert Witness is **DENIED**.

Relatedly, Plaintiff requests that the Court reopen discovery so that he can obtain certain medical records to refute Defendant's expert report. ECF No. 56 at 5. The Court notes that the expert discovery deadline has not yet passed. *See* ECF No. 29 at 3 (All expert discovery shall be completed by all parties by February 10, 2023"). Thus, Plaintiff's request is **DENIED AS MOOT**. Insofar as Plaintiff is requesting to reopen fact discovery,[5] though the Court is inclined to rule that Plaintiff has not shown the diligence necessary to find good cause to extend the discovery deadline, the Court **DEFERS** ruling on that issue until the upcoming discovery conference on February 6, 2023, where the Court will discuss the matter with both sides.

## IV. CONCLUSION

For the reasons set forth above, the Court **ORDERS** the following:

1. Plaintiff's Motion for Appointment of Counsel (ECF No. 52) is **DENIED without prejudice**.

2. Plaintiff's Motion to Serve Interrogatories (ECF No. 53) is **DENIED without prejudice**.

3. Plaintiff's Motion to Appoint Expert Witness (ECF No. 56) is **DENIED without prejudice**.

//

---

[5] *See* ECF No. 56 at 10 ("The Defendant told me discovery is closed and refused to answer or respond to my recently sent interrogatories and requests for production of documents").

4. Plaintiff's Motion to Reopen Expert Discovery (ECF No. 56) is **DENIED AS MOOT**. Insofar as Plaintiff is requesting to reopen fact discovery, the Court **DEFERS** ruling on that issue until the upcoming discovery conference on February 6, 2023.

5. The Court **ORDERS** Defendant's counsel and the Valley State Prison Litigation Coordinators to ensure that a copy of this Order is provided to Plaintiff **before the February 6, 2023, Discovery Conference**—such as by emailing it to the litigation coordinator for printing—since Plaintiff is unlikely to receive the mailed copy in time.

**IT IS SO ORDERED.**

Dated: February 1, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge